# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VICTOR ABURTO,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL STATE PRISON, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>5:17-cv-00443-TES-CHW |

## ORDER DISMISSING WITHOUT PREJUDICE

*Pro se* Plaintiff Victor Aburto, a prisoner most recently incarcerated at Central State Prison in Macon, Georgia, filed two documents that were docketed as a complaint [Doc. 1] and supplemental complaint [Doc. 4] seeking relief pursuant to 42 U.S.C. § 1983. On January 26, 2018, the United States Magistrate Judge ordered Plaintiff to (1) recast his Complaint on the Court's standard form and (2) pay the required filing fee or submit a proper motion for leave to proceed *in forma pauperis* if he wished to proceed with his claims. [Doc. 5]. The Magistrate Judge gave Plaintiff twenty-one (21) days to comply and warned Plaintiff that failure to fully and timely comply with the Court's orders could result in the dismissal of his Complaint. [*Id.*].

The time for compliance with the January 26, 2018 Order passed without a response from Plaintiff. Accordingly, on March 22, 2018, the Magistrate Judge ordered

Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply. [Doc. 6]. The Magistrate Judge again gave Plaintiff twenty-one (21) days to respond and again warned Plaintiff that his failure to respond would result in the dismissal of his Complaint. [*Id.*].

The time for compliance again passed without a response from Plaintiff. Because Plaintiff failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, the Court **DISMISSES** this action **without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

The basis for Plaintiff's claims is somewhat unclear from his pleadings, and thus it is difficult for the Court to tell whether the applicable statute of limitations would bar any of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted).

The Court ordered Plaintiff to comply with its orders and instructions on multiple occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (upholding dismissal of complaint where plaintiff "failed on multiple occasions to comply with the court-ordered deadlines").

**SO ORDERED**, this 7th day of May, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**